J-S47018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JOSE L. GONZALEZ | : | |
| Appellant | : | No. 600 MDA 2020 |

Appeal from the PCRA Order Entered March 9, 2020
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000176-2013

BEFORE:   STABILE, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 12 2021**

Appellant, Jose L. Gonzalez, appeals from the order denying his second Post Conviction Relief Act[1] (PCRA) petition following a hearing.  Appellant challenges the PCRA court's conclusions that his brother's recent confession did not state a PCRA time-bar exception and did not merit relief.  We affirm.

Because the parties are familiar with the facts of Appellant's convictions for attempted murder and related offenses, we briefly note that a jury found Appellant guilty of shooting Jose Martinez (the victim) at a party, which Appellant and his brother, Anthony DeJesus, attended.  DeJesus, who testified at Appellant's trial as a defense witness, denied having a gun at the party or seeing a gun at the party.  When asked by Appellant's trial counsel whether

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Appellant was at the party, DeJesus stated, "To my knowledge, no." N.T., 8/8/13 & 8/9/13, at 168.

On August 28, 2013, the trial court sentenced Appellant to twenty to forty years' imprisonment. In his post-sentence motion, Appellant asserted that the trial court erred when it prohibited him from arguing, in part, that DeJesus "may have been the shooter." Consolidated Post-Sentence Mots., 9/9/13, at 5. The trial court denied Appellant's post-sentence motions, and this Court affirmed the judgment of sentence on December 22, 2014. *Commonwealth v. Gonzalez*, 299 MDA 2014 (Pa. Super. filed Dec. 22, 2014) (unpublished mem.), *appeal denied*, *Commonwealth v. Gonzalez*, 168 A.3d 1253 (Pa. 2017).

Appellant timely filed a first PCRA petition, and following the appointment of counsel and a hearing, the PCRA court granted in part, and denied in part,[2] the petition on October 25, 2016. This Court affirmed, and the Pennsylvania Supreme Court denied allowance of appeal on December 13, 2017. *Commonwealth v. Gonzalez*, 1815 MDA 2016 (Pa. Super. filed June 27, 2017) (unpublished mem.), *appeal denied*, 176 A.3d 843 (Pa. 2017).

---

[2] The PCRA court denied relief on Appellant's claims challenging his conviction in his first PCRA petition, but the court granted relief to file a petition for allowance of appeal *nunc pro tunc* in his direct appeal. The Pennsylvania Supreme Court granted *nunc pro tunc* relief and denied the petition for allowance of appeal in Appellant's direct appeal on April 12, 2017. **See Gonzalez**, 168 A.3d 1253.

Appellant, acting *pro se*, filed the instant second PCRA petition, which was date-stamped and docketed on June 28, 2019.[3] Appellant asserted that he "received newly discovered evidence on June 4, 2019," and attached to his petition a copy of a statement that DeJesus apparently signed on April 16, 2019. PCRA Pet., 6/28/19, at 4 & Ex. A. In the statement, DeJesus asserted that he shot the victim. **See** Ex. A. The copy of the statement also bore a second signature from DeJesus dated May 2, 2019, that was notarized that same day. **See id.**

The PCRA court appointed counsel to represent Appellant[4] and conducted a hearing on March 5, 2020, at which DeJesus, Appellant, and Appellant's trial counsel testified. On March 9, 2020, the PCRA court denied Appellant's second petition. The PCRA court, in relevant part: (1) rejected as incredible Appellant's testimony that he first learned of DeJesus' role in the shooting when he received the statement from DeJesus; (2) concluded the fact that DeJesus was the shooter did not establish "'newly discovered evidence' that would justify the filing of an untimely PCRA" petition; and (3) determined that DeJesus' confession was "a fabrication." Order, 3/9/20, at ¶¶ M, O-P; PCRA Ct. Op., 6/9/20, at 7-10.

---

[3] The record does not include an envelope or other indications of when Appellant may have deposited his petition with prison officials for mailing.

[4] Counsel did not file an amended PCRA petition. However, she filed a witness certification on Appellant's behalf instead

Due to COVID-19 restrictions, Appellant's counsel filed a notice of appeal by mail on April 1, 2020, and a copy by email on April 7, 2020, although the clerk of the court did not date-stamp and docket the notice of appeal until April 9, 2020.[5] Appellant complied with the PCRA court's order to submit and file a Pa.R.A.P. 1925(b) statement.

Appellant presents the following questions for review:

1. Did the [PCRA c]ourt err in ruling that the signed confession by Anthony DeJesus, dated [April 16, 2019[6]], does not constitute newly discovered evidence under 42 Pa.C.S. § 9545 (b)(1)(ii)?

2. Did the [PCRA c]ourt err in not overturning [Appellant]'s conviction based on the after-discovered evidence of the signed confession by Anthony DeJesus, dated [April 16, 2019]?

3. In the alternative, did the [PCRA c]ourt err in not granting [Appellant] a new trial based on the after-discovered evidence of the signed confession by Anthony DeJesus, dated [April 16, 2019]?

Appellant's Brief at 12 (some formatting altered).

Appellant first challenges the PCRA court's ruling that that DeJesus' April 16, 2019 statement did not establish a time-bar exception. Appellant asserts that the court's conclusion that DeJesus, Appellant's brother, "probably" told

---

[5] In light of the COVID-19 situation, we conclude Appellant timely filed the instant appeal. *See In re: General Statewide Judicial Emergency*, 228 A.3d 1283 (Pa. filed Mar. 18, 2020) (*per curiam*) (suspending time deadlines during the statewide judicial emergency due to the COVID-19 pandemic).

[6] Appellant refers to DeJesus' April 16, 2019 statement as the May 2, 2019 sworn statements or confession. Both the PCRA court and the Commonwealth refer to the statement as the April 16, 2019 letter. We use the phrase "the April 16, 2019 statement" to avoid confusion in this memorandum.

Appellant that he was the shooter more than one year before Appellant filed the instant petition was unsupported by the record. *Id.* at 19-20. Appellant notes that DeJesus could not recall when he first told Appellant that he shot the victim and that Appellant unequivocally testified that he learned of DeJesus' role in the shooting when he received the April 16, 2019 statement. *Id.* at 20.

Next, Appellant challenges the PCRA court's conclusions that Appellant should have known that DeJesus was the shooter on the night of the shooting and that Appellant made inculpatory statements on social media after the shooting. *Id.* at 20-21. Appellant contends that the court "assumed facts not in evidence" and mischaracterized the trial testimony regarding the author of the social media posts. *Id.* Appellant further notes that the PCRA court explained that Appellant should have known that DeJesus shot the victim, because they were brothers who communicated frequently. According to Appellant, this conclusion was speculative and assumed that Appellant and DeJesus communicated about the shooting. *Id.* at 21-22.

Lastly, Appellant asserts that even if he was aware of DeJesus' role in the shooting, the "newly discovered evidence" he relies on is a "sworn statement" signed by DeJesus, before a notary. *Id.* at 22. Appellant continues that he could not have received DeJesus' sworn statement before May 2, 2019, and that "no amount of due diligence could have compelled Anthony DeJesus to sign a sworn statement admitting that he, not [Appellant], shot [the victim.]" *Id.* at 22-23.

The Commonwealth responds that Appellant failed to prove that he filed the instant petition within one year of learning DeJesus identified himself as the shooter. Commonwealth's Brief at 15. The Commonwealth acknowledges that DeJesus could not recall when he first told Appellant he was the shooter. *Id.* at 20. Nonetheless, the Commonwealth emphasizes that DeJesus testified he "probably" disclosed the information to Appellant more than a year before he wrote the letter to Appellant. *Id.* (citing N.T., 3/5/20, at 12). The Commonwealth further claims that Appellant's reliance on the April 16, 2019 statement is misplaced because those documents constitute new sources of previously known facts. *Id.* at 21.

The following principles govern our review:

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record. However, this Court reviews the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations and quotation marks omitted).

"[T]he timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner pleads and

proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1). The three

statutory exceptions to the PCRA's one-year time bar are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, a

petitioner must also file his petition within one year of the date the claim could

have been presented. **See** 42 Pa.C.S. § 9545(b)(2) (eff. Dec. 24, 2018). A

PCRA petitioner has the "burden to allege and prove that one of the timeliness

exceptions applies." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa.

2010) (citation and quotation marks omitted).

> The newly discovered fact exception in Section 9545(b)(1)(ii)
>
> requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

***Brown***, 111 A.3d at 176 (citations omitted and quotation marks omitted). "[T]he 'new facts' exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim." ***Id.*** at 177 (citation and footnote omitted).

Instantly, the record reveals the following. Appellant pled in his second PCRA petition that he received newly discovered evidence on June 4, 2019.[7] At the hearing, Appellant maintained that he first learned that DeJesus shot the victim when he "received this letter." N.T., 3/5/20, at 14. Appellant then explained that DeJesus did not directly give him the statement, but sent it to his mother. ***Id.*** Appellant emphasized that DeJesus had not previously confessed the shooting to him and that DeJesus only told him that he sent a letter to his mother and to ask her about it. ***Id.*** Appellant testified that he then called his mother and she read the statement to him. ***Id.*** at 14. Appellant provided no dates regarding his discussions with DeJesus or the phone call with his mother. ***See id.*** at 14-15. When his counsel asked

---

[7] The parties do not dispute that Appellant's instant petition was untimely on its face. However, as noted above, our Supreme Court granted *nunc pro tunc* relief after granting Appellant's petition for allowance of appeal in his direct appeal on April 12, 2017. ***See Gonzalez***, 168 A.3d 1253. Therefore, we note that Appellant's conviction became final under the PCRA on July 11, 2017. ***See*** 42 Pa.C.S. §§ 9545(b)(1), (3). Therefore, the one-year deadline for filing a PCRA petition ended on July 11, 2018, ***see*** 42 Pa.C.S. § 9545(b)(1), and the instant second petition, filed in June 2019 was untimely. Accordingly, Appellant must plead and prove a statutory exception cited above pursuant to 42 Pa.C.S. § 9545(b)(1) to avoid imposition of the time bar to his PCRA petition.

whether DeJesus admitted shooting the victim before May 2, 2019, Appellant responded, "No, not directly." *Id.* at 15.

DeJesus testified that he and Appellant "wrote a lot." *Id.* at 7. On cross examination by the Commonwealth, the following exchange occurred:

[The Commonwealth]. And earlier you said you may have previously told your brother [Appellant] that you were actually the shooter. When would you have made that disclosure? How long ago?

[DeJesus]. I can't tell you that, man. I don't remember.

[The Commonwealth]. Would it have been more than a year prior to the date you wrote the letter?

[DeJesus]. Prior to a year? Probably so.

*Id.* at 12. On redirect examination, DeJesus explained that he could not specifically recall telling Appellant that he shot the victim before authoring the statement, stating: "I don't know. I think I did. I thought I did. I just don't remember when. I don't know exact dates and stuff like that." *Id.* at 13.

Following our review, we find no abuse of discretion in the PCRA court's rejection of Appellant's testimony that he only learned of DeJesus' involvement in the shooting, and willingness to admit that fact, some time after DeJesus authored the April 16, 2019 statement. *See* Order, 3/9/20, at ¶¶ L-M; PCRA Ct. Op. at 8-9. The PCRA court was entitled to credit DeJesus' testimony that he told Appellant about his role in the shooting before authoring the statement, as well as other record evidence indicating that Appellant was aware of DeJesus' involvement. Therefore, the record supports

the PCRA court's finding that Appellant's testimony was incredible, and that determination is binding on this Court. *See Miller*, 102 A.3d at 992.

Furthermore, aside from his own testimony, which the PCRA court properly rejected, Appellant offered no evidence or testimony to conclude that he exercised any due diligence in filing the instant PCRA petition within one year of the date his claim could have been raised. Contrary to Appellant's argument, he cannot simply rely on the May 2, 2019 date that DeJesus signed his statement before a notary, when the PCRA court accepted DeJesus' testimony that he told Appellant about his involvement in the shooting before more than a year before writing a statement. *See* N.T., 3/5/20, at 14; *cf. Commonwealth v. Smallwood*, 155 A.3d 1054, 1069 (Pa. Super. 2017) (rejecting the appellant's contention that an expert's affidavit was a new source of previously known information and did not constitute a new fact). Appellant bore the burden of establishing that he exercised reasonable diligence in discovering the new fact and that he filed the instant PCRA petition within one year. *See Albrecht*, 994 A.2d at 1094.

For the above reasons, we conclude that Appellant has failed to prove reasonable due diligence in discovering the asserted new fact of the DeJesus confession presented to the PCRA court. Further, he has not demonstrated error in the PCRA court's rulings.

Accordingly, we affirm the PCRA court's determination that Appellant failed to prove the timeliness exception under Section 9545(b)(1)(ii). *See Miller*, 102 A.3d at 992. Therefore, Appellant's PCRA petition is untimely and

time-barred such that this Court does not have jurisdiction to consider the merits of Appellant's claim that he is entitled to a new trial based on the DeJesus confession.[8]  *See Brown*, 111 A.3d at 175-76.

Order affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/12/2021

---

[8] Additionally, having reviewed the record, the parties' arguments, and the PCRA court's reasoning, we conclude that the record supports the PCRA court's conclusion that the DeJesus confession was not credible, and therefore would not merit a new trial.  *See* Order, 3/9/20, at ¶ O; PCRA Ct. Op. at 9-10.